# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MANUEL MARTINEZ, | Case No.: CV 09-9025(SH) |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Pursuant to 27 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and

the defendant have filed their pleadings (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Complaint; Defendant's Memorandum of Points and Authorities in Support of Defendant's Answer; and the Plaintiff's Reply to Defendant's Answer), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the Commissioner's decision should be reversed and remanded.

On August 15, 2008, plaintiff Manuel Martinez applied for a period of disability and disability insurance benefits, alleging inability to work since May 9, 2005. (AR 16, 75, 82). On February 10, 2009, plaintiff applied for supplemental security income benefits, alleging inability to work since January 22, 2009. (AR 349). On September 15, 2009, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled under the Social Security Act. (AR 13-26). Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision, plaintiff filed an action in this Court. (AR 8-12).

Plaintiff makes two challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred in (1) failing to consider all of the limitations set forth in Dr. Chaves's medical opinion and (2) relying on part of the vocational expert's testimony. Each of plaintiff's claims are addressed in turn below.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to consider all of plaintiff's limitations based on Dr. Chaves's medical opinion. Defendant asserts that the ALJ was not required to address every limitation set forth in Dr. Chaves's opinion, and that the ALJ's residual capacity assessment was supported by substantial evidence.

In determining whether an individual is disabled, "the ALJ must develop and interpret the medical evidence." See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996). "However, in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." Howard ex rel. Wolff

v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

At the hearing, the ALJ determined the plaintiff's Residual Functional Capacity ("RFC") by giving the greatest weight to the findings, opinions, and conclusions of the various "Agreed Medical Evaluation Reports" prepared by Dr. Chaves, Dr. Richman and Dr. Simpkins, since these reports were prepared by neutral physicians selected by the opposing parties in the plaintiff's workers compensation case. (AR 21). In particular, the medical opinions of Dr. Chaves and Dr. Richman precluded plaintiff from repetitive flexion and extension of the wrists. (AR 21, 158, 241-297). Dr. Chaves also opined that plaintiff is precluded from activities that require repetitive elbow motion. (AR 23).

However, the medical opinions of Dr. Simpkins and Dr. Richman did not preclude plaintiff from repetitive elbow motion. (AR 21-23). In fact, during Dr. Simpkins's March 11, 2009 examination of plaintiff, which was conducted approximately ten months after Dr. Chaves's examination, Dr. Simpkins found that both of plaintiff's elbows revealed no gross abnormalities, no swelling, no tenderness to palpation, and no pain with resisted wrist dorsiflexion. (AR 22, 212). Equally instructive is that, during the examination, despite complaining of neck, shoulder, lower back, and hand/wrist pain, Dr. Simpkins noted that the plaintiff had no particular complaints in relation to his right elbow. (AR 209).

In this case, the ALJ was not required to discuss every piece of evidence in interpreting and developing the record. Accordingly, in light of the objective medical evidence on which the ALJ relied, which was consistent with the medical opinions of Dr. Chaves, Dr. Richman, and Dr. Simpkins, this Court finds that the ALJ's determination of the plaintiff's RFC was supported by substantial evidence. Any error that the ALJ may have committed in not relying on part of Dr. Chaves's opinion is harmless and does not negate the validity of the ALJ's findings.

**ISSUE NO. 2:**

Plaintiff asserts that the ALJ improperly relied on part of the vocational expert's testimony with respect to the interpretation of "repetitive." Defendant asserts that the ALJ properly relied on the vocational expert's testimony since it was supported by substantial evidence.

In order for the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995). "The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual functional working capacity has no evidentiary value." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

At the hearing, the ALJ determined that the plaintiff could not perform work requiring "repetitive" flexion and extension of the right and/or left wrists. (AR 20, 23). In reaching this conclusion, the ALJ relied on the medical opinions of Dr. Chaves and Dr. Richman, both of whom opined that the plaintiff is precluded from repetitive flexion and extension of the wrists. (AR 21, 158, 241-297).

Based on the medical opinions, the ALJ asked the vocational expert ("VE") to define the term "no repetitive." (AR 383-84). The VE explained that he construed "no repetitive" to mean "no constant." (AR 384). "Constant," according to the VE, is activity between two-thirds to one-hundred percent of the time (AR 393). Indeed, the Selected Characteristics of Occupations ("SCO") defined in the Revised Dictionary of Occupational Titles ("DOT") also supports this definition, defining "constantly" as "[a]ctivity or conditions exist[ing] 2/3 or more of the time." (SCO, App. C at C-3). The DOT, however, does not define "repetitive."

4

Based on the plaintiff's RFC, the VE testified that the plaintiff can perform other work in the national economy as a Final Inspector - DOT section 727.687-054, Cashier II - DOT section 211.462-010, and Sales Attendant - DOT section 222.677-010.  (AR 385-87).  According to VE, these positions do not require constant reaching, handling, and fingering, but rather, require frequent activity, which is less than constant and defined as "[a]ctivity and conditions exist[ing] from 1/3 to 2/3 of the time."  (AR 385-87) (SCO, App. C at C-3).

Here, the defendant argues that the plaintiff can  perform the alternative jobs identified by the VE since these jobs require frequent activity, which is less than constant. Defendant, however, makes no effort to distinguish the definitions of "constant" and "repetitive," and instead, relies on the VE's testimony that they are, in effect, interchangeable.  In doing so, defendant misses the point.  The issue is not whether the alternative jobs identified by the VE require activity less than constant, but whether the alternative jobs require activity less than repetitive.

According to the plaintiff, the VE's understanding of repetitive was erroneous since "repetitive" does not equate to "constant."  Specifically, the plaintiff argues that since this case arose from the workers compensation setting, the ALJ failed to distinguish "constant," which comes from the Social Security setting, with "repetitive," which comes from the workers compensation setting.

 To support this notion, plaintiff cites to authority indicating that meanings attributed to terms in the workers compensation setting may not be equivalent to the meanings of terms used in the Social Security context.  See Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (noting that categories of work under the Social Security disability scheme are measured differently from those under the California workers compensation system). Indeed, the defendant's failure to offer any alternative definition of repetitive is telling.

Since the medical reports of Dr. Chaves and Dr. Richman (both of whom opined that the plaintiff is precluded from "repetitive" flexion and extension of

the wrists) were prepared in connection with the plaintiff's workers compensation case, "repetitive" cannot be said to be equivalent to "constant." Accordingly, this Court cannot conclude that the ALJ's RFC finding that the plaintiff is precluded from repetitive flexion and extension of the wrists is consistent with the VE's understanding of the term. Therefore, the VE's testimony with respect to plaintiff's preclusion of repetitive flexion and extension of the wrists had no evidentiary value.

## **ORDER**

For the foregoing reasons, the Commissioner's decision is reversed and the matter remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: September 7, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE